# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

GREGORIA CASTILLO, an individual by and through her Guardian ad Litem Gina Castillo,

Plaintiff,

v.

EDMUND CASTILLO, an individual,

Defendant.

Case No.:  3:24-cv-02302-RBM-AHG

**ORDER:**

**(1) GRANTING MOTION TO REMAND TO STATE COURT**

**(2) DENYING APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT**

**[Docs. 2, 7, 10]**

    Pending before the Court is Plaintiff Gregoria Castillo, by and through her Guardian ad Litem Gina Castillo; Cross-Complainant Gina Castillo, as Successor Trustee of the Gregoria G. Castillo Separate Property Trust Dated November 18, 2004; Cross-Defendant Gina Castillo, as Guardian ad Litem for Plaintiff Gregoria Castillo; Cross-Defendant Gina Castillo, an individual; Cross-Defendant Brittany Castillo; Cross-Defendant Glenn Castillo; and Cross-Defendant Andrew Castillo's (collectively, the "Moving Parties") Motion to Remand the Action to State Court ("Motion to Remand"), which was filed on

January 7, 2025.  (Doc. 7.)

On February 6, 2025, purported Cross-Defendant Ezra Lemus filed an Opposition to the Motion to Remand ("Opposition").  (Doc. 11.)  On February 11, 2025, the Moving Parties file a Reply to the Opposition ("Reply").  (Doc. 12.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, the Moving Parties' Motion to Remand is **GRANTED** and purported Cross-Defendant Ezra Lemus' pending Applications to Proceed in District Court Without Prepaying Fees or Costs are **DENIED AS MOOT**.

## I.     BACKGROUND

### A.     Plaintiff's Second Amended Complaint[1]

On October 15, 2024, Plaintiff Gregoria Castillo, by and through her Guardian ad Litem Gina Castillo, ("Plaintiff") filed a Second Amended Verified Complaint ("SAC") against Defendant Edmund Castillo ("Defendant") for (1) elder abuse, (2) quiet title, (3) cancellation of instrument, (4) intentional misrepresentation, (5) negligent misrepresentation, (6) unjust enrichment, (7) breach of fiduciary duty, (8) constructive trust, (9) ejectment, (10) accounting, and (11) declaratory relief in the Superior Court of California, County of San Diego ("San Diego Superior Court" or "SDSC").[2]  (*See* Doc. 7-1 at 10–21 [SAC].)

---

[1] In this section, the Court summarizes Plaintiff's allegations, not conclusions of law or fact by the Court.

[2] Cross-Complainant Gina Castillo, as Successor Trustee of the Gregoria G. Castillo Separate Property Trust Dated November 18, 2004, also filed a Cross Complaint against Defendant ("Cross Complaint of Gina Castillo").  (*See* Doc. 7-1 at 25–37.)  The allegations in the Cross Complaint of Gina Castillo are nearly identical to those alleged in the SAC.  (*See id.*)  It is not apparent from the record before this Court why Gina Castillo filed two separate complaints in her different capacities or how the Cross Complaint of Gina Castillo is relevant to the present Motion to Remand.  Accordingly, the Court will not address the Cross Complaint of Gina Castillo below.

2

In her SAC, Plaintiff alleges that she has "dementia and has been declining cognitively for many years." (*Id.* ¶ 8.)  Indeed, Plaintiff alleges that, on December 7, 2021, she had a stroke, which left her "mentally incapacitated." (*Id.* ¶ 9.)  As a result, her daughter, Cross-Defendant Gina Castillo, "began to assist her mother in her needs, including handling her financial affairs." (*Id.*)

Gina Castillo discovered that her brother, Defendant, had been taking, hiding, appropriating, obtaining, and retaining Plaintiff's money and property by withdrawing money from her accounts, paying personal expenses from her accounts, and taking loans against Plaintiff's property located at 6252 Lolly Lane, San Diego, CA 92114 (the "Subject Property"), which forced the Subject Property into foreclosure. (*Id.*)  Plaintiff further alleges that Defendant convinced Plaintiff to sign a deed giving him an interest in the Subject Property. (*Id.* ¶¶ 9–10.)

## B.    Defendant's Cross Complaint

On July 10, 2023, Defendant, proceeding pro se, filed a Verified Cross Complaint for (1) declaratory relief; (2) quiet title; (3) partition; (4) ejectment; (5) trespass; (6) fraud by intentional misrepresentation; (7) fraud by negligent misrepresentation; (8) abuse of process; (9) violations of the RICO Act; (10) unjust enrichment; (11) temporary restraining order and injunctive relief; (12) violation of civil rights, (13) conspiracy against civil rights, (14) violations of 18 U.S.C. § 1083, (15) violations of 8 U.S.C. § 1324c, (16) forcible detainer, and (17) conversion of furniture and personal belongings ("Cross Complaint") against Gina Castillo; Gregoria Castillo, as Trustee of the Gregoria G. Castillo Separate Property Trust Dated November 18, 2004; Gregoria Castillo, an individual; ROE 1 as Trustee of the Gregoria G. Castillo Separate Property Trust Dated November 18, 2004; Glenn Castillo; Brittney Castillo; Andrew Castillo; Michael Casperson; Carlos Morales; Matson Knudson; and ROES 1–50 (collectively, the "Cross Defendants").[3]  (*See* Doc. 11

---

[3] The Court notes that Defendant named ROE 1 twice.

at 19–63.)

**C.    Amendment to Cross Complaint**

On October 14, 2024, Defendant filed an Amendment to his Cross Complaint under California Code of Civil Procedure § 474 using Optional Form SDSC CIV-012.  (Doc. 11 at 67.)  The Amendment provides, "X-complainant, being ignorant of the true name of a defendant when the cross-complaint in the above-named case was filed, and having designated X-defendant in the cross-complaint by the fictitious name of ROE 1 and having discovered the true name of cross-defendant to be EZRA LEMUS (previously sued as ROE 1) amends the X-complaint by inserting such true name in place of such fictitious name wherever it appears in the X-complaint." (*Id.*)  The Amendment notes that a court order is required once the case is at issue.  (*Id.*)

**D.    Notice of Removal**

On December 11, 2024, purported Cross-Defendant Ezra Lemus, proceeding pro se, filed a Notice of Removal, attempting to remove the case against him to this Court pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1331.  (Doc. 1 at 1.)  In his Notice of Removal, Lemus asserts that Defendant's Cross Complaint includes federal causes of action. (*Id.* at 2.)  Lemus also asserts that this Court may exercise supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.  (*Id.*)  Finally, Lemus asserts that his Notice of Removal is timely because he was not served with Defendant's Cross Complaint until November 26, 2024.[4]  (*Id.* at 3.)

**E.    Motion to Remand**

On January 7, 2025, the Moving Parties filed the instant Motion to Remand.  (Doc. 7.)  The Moving Parties argue that removal is improper because (1) Defendant never obtained a court order adding Ezra Lemus as a Cross-Defendant (Doc. 7-1 at 6–7) and (2) the other named Cross-Defendants did not consent to removal (*id.* at 3–6).  Alternatively,

---

[4] The timeliness of Lemus' Notice of Removal is not at issue, and the Court need not address it below.

the Moving Parties argue that state law claims asserted in Plaintiff's SAC, Defendant's Cross Complaint, and the Cross Complaint of Gina Castillo should be severed from Defendant's federal crossclaims and remanded to the San Diego Superior Court.[5]  (*Id.* at 3–6, 8–9.)

In his Opposition, Ezra Lemus responds that there are five federal causes of action in Defendant's Cross Complaint warranting removal.  (Doc. 11 at 3–11.)  Lemus also argues that amendment under California Code of Civil Procedure § 474 does not require a court order (*id.* at 5–7) and that Defendant Edmund Castillo joined in the removal, which is all that is required (*id.* at 10).[6]

## II.  **LEGAL STANDARD**

A.  **Presumption *Against* Removal**

"At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction.  A review of the federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it.  Even though not raised by the parties, lack of jurisdiction may be considered by the court, at any stage of the proceedings."  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (citation omitted).

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.  We look to federal law to determine whether the elements of

---

[5]  Because the Court finds that removal is improper, the Court will not address this severance argument below.

[6]  Lemus also asserts that he and Defendant were not served with the Motion to Remand (Doc. 11 at 7), that the Moving Parties' affidavit is not notarized (*id.* at 7–9), and that the Moving Parties did not comply with Civil Local Rule 26.1 (*id.* at 9).  However, as set forth below, the Court need not reach these arguments because Lemus has not met the procedural requirements for removal.  *See Libhart*, 592 F.2d at 1064 ("We look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal.") (citations omitted).

removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal." *Id.* (citations omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.") (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart*, 592 F.2d at 1064).

**B.    28 U.S.C. § 1441(a)**

"[A]ny *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Interpreting the terms "civil action," "the defendant," and "the defendants," in 2019, the Supreme Court found that a "third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 440–44 (2019) ("*Home Depot*").

Further, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This often referred to as the "rule of unanimity." *See Ettlin v. Harris*, No. SACV 13–1515–DOC (JPRx), 2013 WL 6178986, at *2 (C.D. Cal. Nov. 22, 2013) (citations omitted).

**C.    28 U.S.C. § 1441(c)**

"If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States … , and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." 28 U.S.C. § 1441(c)(1). In such cases, "the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed." *Id.*

§ 1441(c)(2). "Thus, under § 1441(c)(2), any removed claims that are not within the Court's original or supplemental jurisdiction must be severed and remanded." *Nahat v. Ballet San Jose, Inc.*, Case No. C 13–2896 SBA, 2013 WL 5934705, at *3 (N.D. Cal. Nov. 1, 2013).

Applying the Supreme Court's decision in *Home Depot*, federal circuit and district courts have found that "only a defendant to the original action may seek to remove a case under § 1441(c)." *Bowling v. U.S. Bank Nat'l Ass'n*, 963 F.3d 1030, 1040 (11th Cir. 2020). Thus, "third-party counterclaim defendants may not remove under 28 U.S.C. [§] 1441(c)." *Championship Prop. LLC v. Coan*, No. 20-13728, 2022 WL 4455208, at *2 (11th Cir. Sept. 26, 2022); *see also St. Luke #2, LLC v. Hermes Health All., LLC*, 644 F. Supp. 3d 289, 298 (E.D. La. 2022) ("[B]ecause [§] 1441(a) and 1441(c) both frame removal in terms of 'defendants' in 'civil actions,' this Court agrees … that there is no basis to interpret [§] 1441(c) as allowing third-party defendants to remove a civil action when [§] 1441(a) clearly does not."); *Williamson v. Cestaro*, No. 21-2465, 2021 WL 2075727, at *3 (E.D.N.Y. May 24, 2021) (holding that "the Supreme Court's reasoning in *Home Depot* supports the conclusion that third-party counterclaim defendants cannot remove actions under Section 1441(c)."); 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3730 n.4 (4th ed. 2022) ("*Home Depot*, in holding that third-party counterclaim defendants cannot remove under Section 1441(a), abrogated … precedent allowing removal of claims against third-party counterclaim defendants under [§] 1441(c).").

Additionally, "[o]nly defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)." 28 U.S.C. § 1441(c)(2).

### D.    Removal Procedure

"A motion to remand is the proper procedure for challenging removal." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). "The removal statute is strictly construed, and any doubt about the right of

7

removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (citing *Gaus*, 980 F.2d at 566). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus*, 980 F.2d at 566).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "An order remanding a case to the State court from which it was removed pursuant to 18 U.S.C. § 1441 is not reviewable on appeal or otherwise. *See id.* § 1447(d).

### III.    DISCUSSION

As set forth below, the Court finds that removal is improper because: (A) third-party counterclaim defendants may not remove under 28 U.S.C. § 1441(c); (B) nonparties have no right to remove an action; and (C) Ezra Lemus did not garner the required consent prior to removal.

**A.    Lemus is Not a "Defendant" Under 28 U.S.C. § 1441(c)**

As set forth above, purported Cross-Defendant Ezra Lemus removed this action to this Court pursuant to 28 U.S.C. § 1441(c). (Doc. 1 at 1.) However, in the wake of the Supreme Court's decision in *Home Depot*, federal circuit and district courts have decided that third-party counterclaim defendants, like Lemus, may not remove under § 1441(c). *See e.g.*, *Bowling*, 963 F.3d at 1040; *St. Luke #2*, LLC, 644 F. Supp. 3d at 298. The Moving Parties' Motion to Remand must be granted on this basis alone. Notwithstanding this ruling, the Court briefly addresses the Parties' primary arguments below.

**B.    Lemus is Not a Party Capable of Removal**

As set forth above, the Moving Parties argue that removal is improper because Defendant never obtained a court order adding Ezra Lemus as a cross defendant pursuant to California Code of Civil Procedure § 474. (Doc. 7-1 at 6–7.) Lemus responds that a court order is not required. (Doc. 11 at 5–7.)

Under California law, "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint … and such defendant may be designated in any

8

pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly … ." Cal. Civ. Proc. Code § 474. "After the responsive pleadings are filed an amendment to a complaint, including an amendment to add a defendant, requires leave of court." *Woo v. Superior Ct.*, 75 Cal. App. 4th 169, 175 (1999) (citations omitted); *see also* Cal. Civ. Proc. Code §§ 472–73 (outlining California's pleading amendment procedures). Indeed, optional form SDSC CIV-012, titled "Amendment to Complaint," which was completed and filed by Defendant, specifically notes that a court order is required for amendment under California Code of Civil Procedure § 474 once the case is at issue and includes a section to be completed by the San Diego Superior Court Judge or the Commissioner of the Superior Court. (Doc. 11 at 67; *see also* Doc. 1-4 at 2, 4.)

Here, there is no indication that Defendant ever obtained a court order permitting him to name Ezra Lemus as a cross-defendant in his Cross Complaint. Indeed, in each of the forms provided by Lemus, the section to be completed by the San Diego Superior Court is blank. (*See* Doc. 11 at 67; Doc. 1-4 at 2, 4.) Thus, Lemus is not yet a named cross defendant in this action. As a nonparty, Lemus cannot remove the action. *See Magrath v. Marsh & McLennan Cos., Inc.*, No. CV 19-6915 PA (GJSX), 2019 WL 3889463, at *2 (C.D. Cal. Aug. 16, 2019) ("[D]istrict courts have repeatedly held that because a nonparty … is not a 'defendant' under the removal statute, [a] nonparty has no right to remove the action.").

**C.    Consent**

Under 28 U.S.C. 1441(c), "[o]nly defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)." 28 U.S.C. § 1441(c)(2); *see also id.* § 1441 (c)(1)(A) (referring to claims "arising under the Constitution, laws, or treaties of the United States"). Here, Defendant asserts federal cross claims "arising under the Constitution, laws, or treaties of the United States." *Id.* § 1441(c)(1)(A). (*See also* Doc. 11 at 19–20 (alleging causes of action for "violation and conspiracy to participate in violation of RICO," "violation of civil rights,"

9

"conspiracy against civil rights," violations of 18 U.S.C. § 1038, and violations of 8 U.S.C. § 1324c).)  Each of these federal cross claims is brought against every named Cross Defendant.  (*See id.* at 53, 58–60.)  Thus, under 28 U.S.C. § 1441(c), Lemus needed to obtain the consent of the Cross Defendant before filing his Notice of Removal.  Lemus has not garnered the required consent, and removal is improper.  *See Libhart*, 592 F.2d at 1064.

## IV.  **CONCLUSION**

Based on the foregoing, the Moving Parties' Motion to Remand (Doc. 7) is **GRANTED**.  The Court **ORDERS** the Clerk of the Clerk to **REMAND** this action to the San Diego Superior Court and administratively close the case.

Additionally, Plaintiff's pending Applications to Proceed in District Court Without Prepaying Fees or Costs (Docs. 2, 10) are **DENIED AS MOOT**.  *See Chiang v. Afifi*, Case No. 23-cv-06235-DMR, 2024 WL 901758, at *2 (N.D. Cal. Feb. 9, 2024), *report and recommendation adopted*, Case No. 23-cv-06235-JD, 2024 WL 897836 (N.D. Cal. Mar. 1, 2024) ("For the reasons above, the court recommends that this action be remanded to the Alameda County Superior Court, the IFP application and motion to remand be denied as moot, and that the Clerk be ordered to close the case file.").

**IT IS SO ORDERED**.

DATE:  August 21, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE